Cunningham, Judge.
This action was brought by the appellee,-Shippey, in the county court for the purpose of cancelling a certain judgment rendered against him in favor of the Wyoming National Bank, and to recall an execution that had been issued on said judgment at the instance of the appellant, the First National Bank, and for other relief not necessary to state.
Five complaints- in all were filed by the plaintiff, the case being finally submitted upon his fourth amended complaint, to which the appellant, the First National Bank, fled a general demurrer. This demurrer was overruled, and said, appellant electing to plead no further, judgment went in favor of the plaintiff, appellee here. No appearance was ever made by the Wyoming, National Bank.
Certain defenses are found in the original complaint, which, being omitted from the fourth amended complaint, need not be considered. It may be said, however, that-in the original complaint the Wyoming National Bank was made the sole defendant. Thereafter, and before any appearance- had been made, the plaintiff filed an amended complaint, making the First National Bank a party defendant, and charging that said bank had, at a sale on execution made to satisfy said judgment in favor of the *227 Wyoming National Bank and against appellee, purchased certain real estate belonging to appellee, and this notwithstanding the appellee had filed a Us pendens at the time of the institution of his suit, and before sale of' the property had been made.
The First National Bank, after entering a general appearance, contends that it could not, in the circumstances of this case, properly be brought in by an amended complaint, but could only be made a party to the action, if at all, by a supplemental pleading. It is probable that a supplemental complaint would have been the better practice, but we are disposed to think that appellant,, the First National Bank, has, by appearing generally, waived its right to complain of the procedure-followed. •
1. The fourth amended complaint attempts to state two causes of action, the first, in substance, charging that the execution was void because of the non-existence of the Wyoming National Bank, the original judgment creditor, as a corporation, at the time execution issued. The pleader fails, however, to allege when said bank went out of existence, further than that it was some time “subsequent to the securing of said judgment,” meaning the judgment against the appellee here involved. There seems to be no question about the validity of the judgment when same was originally rendered against Shippey. • Therefore, at one time he was liable thereon. Hence the burden is upon him to'allege and prove facts which render the sale of his land to the First National Bank in satisfaction of that judgment void or voidable before he is entitled to relief. Appellee in his complaint nowhere negatives the assignment of the judgment by the Wyoming National Bank to the First National Bank prior to the dissolution of the former corporation, or by its legal successors. It is-alleged that no such assign *228 ment was made a matter of record. Our attention has been called to no statute or other authority requiring the assignee or successor of the Wyoming National Bank to lodge the evidence of an assignment of the judgment or proof of his right thereto in the court in which the judgment was given, or elsewhere. Even if the Wyoming National Bank had ceased to exist as a corporation, that fact does not even raise a presumption that its property rights had been forfeited, or that it had no successor in interest with sufficient authority to enforce its claims. We discover' in the fourth amended complaint no allegation which, under the most liberal construction in favor of the pleader, can be held as an allegation that the First National Bank was not, at the time the execution was sued out, the owner of said judgment. If the judgment was not barred by the statute of limitations plead in the second cause of action, to which we will later call attention, Shippey should pay the same to the First National Bank, rather than to the Wyoming National Bank,-so far as the pleadings indicate, providing he is thereby entirely relieved from further liability on the judgment. The Wyoming National Bank having been made a party to the suit, and having made no appearance, can never be in a position hereafter to collect the judgment, even granting that corporation or its successor still exists. Courts are not disposed to look with favor upon nice technicalities that are put forward for the purpose of relieving against a meritorious obligation.
2. The second cause of action of the fourth amended complaint consists of a plea of the statute of limitations. Assuming, but not deciding, that the Act of 1891 fixed the life of judgments at ten years, as contended by appellee, rather than twenty years, the appellee cannot invoke the same for the reasons pointed out by us in the *229 case of Harrington v. Anderson et al., post 415, the opinion in which has just been handed down.
We therefore conclude that appellant’s demurrer to plaintiff’s complaint was good, and that the trial court ought to have sustained the same. The judgment will be reversed, and in view of the record, which discloses that the plaintiff has-been given ample opportunity to state a cause of action, having been permitted to file four amended complaints, the trial court is instructed to enter an order dismissing the action at plaintiff’s costs.

Reversed with Directions.